

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-22-2008

# USA v. Miranda

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4103

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation
"USA v. Miranda" (2008). *2008 Decisions.* Paper 338.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/338

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4103

———————

UNITED STATES OF AMERICA

v.

BREMEN MIRANDA

Bremen Miranda,
a/k/a Ace

<u>Appellant</u>

———————

On Appeal from the United States District Court
for the Middle  District of Pennsylvania
(D.C. Civil No. 06-cr-00052-7)
District Judge: Hon. Thomas I. Vanaskie

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 20, 2008

BEFORE: SMITH and  COWEN , <u>Circuit Judges</u>
and THOMPSON*, <u>District Judge</u>

(Filed: October 22, 2008)

———————

*Honorable Anne E. Thompson, Senior United States District Judge for the District of
New Jersey, sitting by designation.

OPINION

COWEN, Circuit Judge.

Appellant Bremen Miranda appeals from his criminal sentence entered by the United States District Court for the Middle District of Pennsylvania. We will affirm.

I.

Miranda pled guilty to the charge of conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846. The parties agreed to recommend a finding that the quantity of crack was between 150 and 500 grams. Miranda's sentence therefore was subject to a statutory maximum term of 20 years (or 240 months). The presentence report calculated a Guideline sentencing range of 262 to 327 months. Because of the statutory maximum, his effective "range" was 240 months.

On October 10, 2007, Miranda appeared before the District Court for his sentencing hearing. After reciting the Guideline calculations, the District Court stated its intention of "taking into consideration the proposed changes to the guidelines that are to go into effect November 1st." (App43.) The District Court was thereby referring to the upcoming changes in the Guidelines with respect to crack cocaine sentencing. Accordingly, "the offense level in this matter would be reduced to 35, making an advisory guideline range of 210 to 240 months, again, capped at the statutory maximum of 20 years." (Id.) Counsel for Miranda then argued in some detail for an even lesser sentence

of 12 to 13 years. Pointing out that the Guideline range was now advisory, he claimed that "this is a classic example of true overrepresentation" of the seriousness of his client's crime. (App45.) The defense attorney also noted that "Congress is considering it to a degree, because I have heard, as you have mentioned and when this proceeding started, about some departures – some lessening of the severity of these crimes." (App45-App46.)

The District Court then made its sentencing decision. Initially, it summarized the 18 U.S.C. § 3553(a) sentencing factors. While noting the harshness of the sentence and expressing some sympathy for the 26-year old defendant, the District Court emphasized that Miranda was the leader and recruiter of a substantial drug trafficking operation. He engaged in such criminal conduct even though he was then serving a suspended sentence for a prior offense. The District Court also observed that firearms and violence were involved in the scheme, "with a person being shot that was part of this conspiracy." (App49.) It therefore expressed a desire to impose a longer sentence on Miranda than the sentences received by his lower-ranking co-conspirators. According to the District Court, "[m]uch has been written about the disparity between crack and powder cocaine and I have taken that into consideration in saying that I would follow the range that would be in effect come November 1st." (App50.) Noting that Congress itself had made a "policy choice" to impose a higher sentence given the "very dangerous" nature of crack distribution, the District Court stated:

3

. . . . I have tried to consider all these factors that go into making a sentencing decision, recognizing that I have only an advisory guideline range, but it is an advisory one, so I would have to take that into consideration, and having weighed all of the facts in this matter, I believe that a sentence of 210 months is the appropriate sentence in this case. It's the minimum number of months in that advisory guideline range, but you headed up a substantial organization.

(App51.)

The District Court then reiterated its reasoning after formally imposing the sentence:

As I indicated, I have adopted the Pre-sentence Investigation Report, its factual findings and guideline application that called for an advisory guideline range of 240 months. I have exercised my discretion to impose a sentence of 30 months below the advisory guideline range, based upon my belief that the proposed changes to the guidelines will take effect on November 1st, and it would not be fair in these circumstances to not apply those changes in your particular case.

(App53.)

The District Court finally addressed Miranda personally. Recognizing that he was a young man and that it was a "horrible sentence," the District Court emphasized that it could not excuse the behavior of "the leader of the organization." (Id.) According to the District Court, "these drugs" ruin lives, and this "stuff" could only be stopped by imposing harsh sentences. (App54.)

Miranda filed a timely notice of appeal. Miranda challenges only the length of his sentence, claiming that it was harsh, excessive, and unreasonable.

II.

4

Miranda contends that his 210-month sentence should be overturned because neither the District Court nor his sentencing counsel considered our ruling in United States v. Gunter, 462 F.3d 237 (3d Cir. 2006).[1]  According to Miranda, we "recognized that a sentencing court may consider the crack versus powder disparity of 100:1 in imposing a reasonable sentence."  (Appellant's Br. at 11 (citation omitted).)  He therefore asserts that the District Court committed plain error by failing to consider the disparity issue as a 18 U.S.C. § 3553(a) sentencing factor and thereby improperly treating the Guidelines themselves as mandatory.  Furthermore, Miranda's previous attorney allegedly provided constitutionally ineffective assistance by not arguing Gunter.  We must, however, reject Miranda's claims of plain error and ineffectiveness of counsel as lacking in any real merit.

As the government thoroughly explains in its appellate brief, the District Court did "consider the crack versus powder disparity in imposing a reasonable sentence" of 210 months.  While it never mentioned Gunter itself by name, a sentencing court has no obligation to cite a specific judicial decision.  In fact, the District Court expressly considered the issue of disparity several times at sentencing, acknowledging at one point that "[m]uch has been written about the disparity between crack and powder cocaine."

---

[1]  The District Court possessed jurisdiction pursuant to 18 U.S.C. § 3231.  We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  Furthermore, we generally apply an abuse of discretion standard in reviewing a criminal sentence.  See, e.g., Gall v. United States, 128 S. Ct. 586, 594 (2007).

5

(App49-App50.) It even went so far as to apply proposed changes to the Guidelines purportedly dealing with this disparity question. It accordingly relied on the proposed amendments to reduce the range itself to 210 to 240 months and "exercised my discretion to impose a sentence of 30 months below the advisory guideline range." (App53.) The District Court's extensive ruling also included a discussion of both the specific circumstances presented by the case itself as well as sentencing factors listed in 18 U.S.C. § 3553(a).

Contrary to Miranda's characterization, it does not appear that the District Court would have imposed an even lower sentence but incorrectly believed it lacked the legal power to do so. While it acknowledged the harshness of the sentence and expressed some sympathy for Miranda, the District Court clearly indicated that "a sentence of 210 months is the *appropriate sentence* in this case." (App51 (emphasis added).) Among other things, it specifically noted that Miranda served as the leader and recruiter of a substantial drug operation even while free on a suspended sentence for a prior offense. Furthermore, because the conspiracy involved violence and the use of firearms, it was appropriate for the District Court to find that Congress's "policy choice" regarding crack cocaine had special relevance here. (App50.) Noting that "[w]e have to stop this stuff," the District Court told Miranda that "we are only going to do it by imposing sentences that are harsh." (App54.) Otherwise, these drugs will continue to "ruin lives," including "those who get caught selling." (Id.)

6

Insofar as the District Court committed no sentencing error, Miranda's ineffective assistance of counsel theory must also be rejected. However, we further note that his attorney at sentencing did appear to raise the disparity issue in his argument for a lesser sentence. He specifically observed that "Congress is considering it to a degree, because I have heard, as you have mentioned and when this proceeding started, about some departures – some lessening of the severity of these crimes." (App46.) Although the attorney could have presented a more detailed argument with respect to disparity, he apparently addressed the concept itself. In addition, the District Court was already well aware of the issue of disparity, expressing its intent to reduce the Guideline range based on the proposed changes even before defense counsel presented his sentencing theory. Under the circumstances, the ineffectiveness claim offered on appeal lacks any merit whatsoever.

## III.

For the foregoing reasons, we will affirm the District Court's sentence.